1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   GEORGE B. ELDER,                          CASE NO. CV-F-04-5004 OWW SMS P

10                    Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING PLAINTIFF'S MOTIONS
11        v.                                  FOR PRELIMINARY INJUNCTIVE RELIEF
                                              BE DENIED
12   DR. BAUGHMAN,
                                              (Docs. 21 and 27)
13                    Defendant.
     _____/

14

15          Plaintiff George B. Elder ("plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 28, 2005, plaintiff filed

17   what the court construes to be a motion seeking a preliminary injunction mandating that plaintiff be

18   provided with a protein drink or other substitute, a multi-vitamin, prescription glasses, interferon-

19   ribavirin combination therapy, and an examination by a hepatologist or a gastroenterologist; and

20   mandating that plaintiff's paperwork be returned to him.  (Doc. 21.)  On June 8, 2005, plaintiff filed

21   what the court construes to be a motion seeking a preliminary injunction prohibiting defendant from

22   selling or transferring anything of value owned by defendant.  (Doc. 28.)  On June 13, 2005,

23   defendant filed an opposition to the June 8 motion.  (Doc. 29.)

24          The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

25   so heavily favors the moving party that justice requires the court to intervene to secure the positions

26   until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S.

27   390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

28   a combination of probable success and the possibility of irreparable harm, or (2) that serious

1

1  questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air</u>

2  <u>Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).   Under either approach the plaintiff "must

3  demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the

4  plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must

5  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

6  <u>Id</u>.

7       Plaintiff's motions for preliminary injunctive relief are not supported by evidence, aside from

8  plaintiff's conclusory declarations requesting the forms of relief set forth in his motions.  "[A]

9  preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless

10  the movant, *by a clear showing*, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S.

11  968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a

12  preliminary injunction simply cannot prevail when that motion is unsupported by evidence.  Further,

13  with respect to medical treatment, plaintiff's lay opinion concerning what medical treatment he is

14  in need of is insufficient to support a motion for preliminary injunctive relief.  Plaintiff has not met

15  his burden as the party moving for the preliminary injunctive relief and is not, at this time, entitled

16  to this extraordinary remedy.

17       The court therefore HEREBY RECOMMENDS that plaintiff's motions for preliminary

18  injunctive relief, filed March 28, 2005 and June 8, 2005, be DENIED.

19       These Findings and Recommendations will be submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

21  **days** after being served with these Findings and Recommendations, plaintiff may file written

22  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24  ///

25  ///

26  ///

27  ///

28  ///

1    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2    1153 (9th Cir. 1991).

3

4    IT IS SO ORDERED.

5    **Dated:    August 1, 2005**            **/s/ Sandra M. Snyder**
    icido3                               UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28